IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00013-BO

| | |
|---|---|
| LYNETTE MELVIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE HONORABLE JUDGE DAWN ) | |
| LAYTON ) | ORDER |
| ) | |
| THE HONORABLE JUDGE ) | |
| HUNTER MURPHY ) | |
| ) | |
| THE HONORABLE JUDGE TOBY ) | |
| HAMPSON ) | |
| ) | |
| THE HONORABLE JUDGE ) | |
| JEFFERSON GRIFFIN ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded and the time for filing a reply has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss [DE 16] is granted.

BACKGROUND

This case arises out of a dispute concerning the estate of the late Elizabeth B. Melvin, and the May 17, 2022, entry of a judicial order by Superior Court Judge Dawn Layton approving a wrongful death settlement agreement.

Plaintiff contends that Attorneys Dexter Benoit and James Cyrus placed her name on court documents without her knowledge or consent, and that they used said documents to settle a wrongful death claim without providing notice to the decedent's heirs as required by N.C. Gen.

Stat. § 28A-13-3(23). [DE 15 at 7] Plaintiff further alleges that Attorney Benoit received more than the disclosed $225,000 from the settlement and is keeping the excess for himself. [*Id.* at 9] Plaintiff claims that Superior Court Judge Dawn Layton deprived her of her due process rights under the 14th Amendment when she approved the wrongful death settlement without proof that all heirs had been given notice of the settlement. [*Id.* at 10]

Plaintiff appealed the Superior Court order to the North Carolina Court of Appeals, where the appellate court granted defendants' motion to dismiss. Plaintiff alleges that Appellate Judges Hunter Murphy, Toby Hampson, and Jefferson Griffin discriminated against her due to her sex because she was a female pro se litigant and Attorneys Benoit and Cyrus were male. [*Id.* at 11]

Plaintiff filed an amended complaint under 42 U.S.C. § 1983, claiming that the actions of the defendants were taken under color of law in their capacity as judicial officers. [*Id.* at 12] Plaintiff asks this court to vacate the May 17, 2022, order of Superior Court Judge Dawn Layton approving the wrongful death settlement, and to vacate the October 5, 2023, order of Appellate Judges Hunter Murphy, Toby Hampson, and Jefferson Griffin dismissing her appeal. [*Id.*]

## DISCUSSION

Defendants, the Honorable Judge Dawn Layton, the Honorable Judge Hunter Murphy, the Honorable Judge Toby Hampson, and the Honorable Judge Jefferson Griffin, have moved to dismiss plaintiff's complaint in its entirety. [DE 16] Defendants argue that the plaintiff's claim is barred by absolute judicial immunity, the Eleventh Amendment, and the *Rooker-Feldman* doctrine. This Court agrees.

Absolute judicial immunity is a bedrock principle of our legal system. It is firmly settled law that "a judge may not be attacked for exercising his judicial authority, even if done improperly." *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971). The only two circumstances

in which judicial immunity does not apply are when a judge acts outside of their judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Neither of those exceptions apply here. Plaintiff contends that a judge acts outside of their judicial capacity when they make decisions contrary to state law or constitutional doctrine. [DE 19 at 11] This is incorrect, as judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The proper measure of whether an act is judicial in nature is whether the act is "a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Approving wrongful death settlements and granting motions to dismiss are functions normally performed by judges. Plaintiff's disagreement with the decisions of those judges does not thereby open those judges to suit—the exact circumstance in which absolute judicial immunity is meant to apply.

Plaintiff's claims are further barred by the protections of the Eleventh Amendment. The Eleventh Amendment precludes lawsuits against a State in federal court brought by a state's own citizens or by citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Claims against a state official acting in their official capacity are treated as claims against the State. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). A lawsuit against a State may only proceed if the State waives sovereign immunity or the case fits into the *Ex parte Young* exception. *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

Plaintiff has sued all defendants in their official capacities, and the suit is therefore against the State of North Carolina, which has not waived sovereign immunity. Plaintiff contends that her suit is against the individual defendants and not the State because the defendants allegedly did not follow state and federal law when adjudicating her case. [DE 19 at 11] This claim simply misunderstands the law. Furthermore, *Ex parte Young*, which requires a plaintiff to seek

3

prospective injunctive or declaratory relief, does not apply because the plaintiff here seeks retrospective relief. *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998). No exception to the Eleventh Amendment therefore applies, and the defendants are protected from suit by sovereign immunity.

Finally, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents federal district courts from exercising subject matter jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). *Rooker-Feldman* applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, the plaintiff is a state-court loser, as the wrongful death settlement agreement was approved by the Superior Court, and the appeal to overturn the agreement was dismissed by the North Carolina Court of Appeals. As relief in this action, plaintiff seeks an order from a federal district court vacating the judgments of multiple state court judges. [DE 15 at 12] This posture places the case firmly within the ambit contemplated by *Rooker-Feldman*. Put simply, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citation omitted). That is what the plaintiff has requested here.

4

CONCLUSION

For all of the foregoing reasons, this case cannot proceed in federal court. Defendants' motion to dismiss [DE 16] is therefore GRANTED and plaintiff's complaint is DISMISSED. Defendants' prior motion to dismiss [DE 11] is DENIED AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this 13 day of September 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE