IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00013-BO

| | |
|---|---|
| LYNETTE MELVIN,<br>    Plaintiff,<br><br>v.<br><br>THE HONORABLE JUDGE DAWN LAYTON, THE HONORABLE JUDGE HUNTER MURPHY, THE HONORABLE JUDGE TOBY HAMPSON, *and* THE HONORABLE JUDGE JEFFERSON GRIFFIN,<br>    Defendants. | ORDER |

This matter is before the Court on Plaintiff Melvin's motion to reconsider [DE 23]. For the following reasons, the motion is denied.

## BACKGROUND

This case arises out of a dispute concerning the estate of the late Elizabeth B. Melvin, and the May 17, 2022, entry of an order by Superior Court Judge Dawn Layton approving a wrongful death settlement agreement. Plaintiff alleges that two attorneys fraudulently mispresented their authority over the estate, and therefore deprived Plaintiff of her Fourteenth Amendment Rights.

Plaintiff appealed Judge Layton's order to the North Carolina Court of Appeals, which granted defendants' motion to dismiss. Plaintiff then filed a § 1983 complaint in this court, contending that the state appellate judges discriminated against her due to her status as a *pro se* female litigant.

The defendants moved to dismiss the § 1983 complaint on grounds of absolute judicial immunity, Eleventh Amendment immunity, and the *Rooker-Feldman* doctrine [DE 16]. This Court considered the arguments and relevant law in its September 13, 2024, order [DE 21], concluding

that the defendants were entitled to dismissal under Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff now moves that the Court reconsider its prior order [DE 23].

## ANALYSIS

Plaintiff Melvin does not directly state in her current motion if she is moving to amend the final judgment under Fed. R. Civ. P. 59(e), or for relief from the final judgment under Fed. R. Civ. P. 60(b). For clarity and comprehensiveness, the Court shall consider both.

Under Rule 59(e), a motion to amend a final judgment may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Under Rule 60(b), a court may grant relief from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing Fed. R. Civ. P. 60(b)).

The Court finds that, regardless of whether the motion to reconsider is evaluated under Rule 59(e) or Rule 60(b), the Plaintiff has not provided adequate grounds justifying reconsideration. The bulk of Plaintiff's filing consists of repeated arguments that were considered, and dismissed, in the Court's previous order [DE 21]. *Compare* DE 19 at 3, 4 *with* DE 23 at 6 (arguing that the state and federal claims are not intertwined under *Rooker-Feldman*); *compare* DE 19 at 11 *with* DE 23 at 5 (arguing that Plaintiff's suit is not against the State of North Carolina);

---

[1] Plaintiff claims that her Response to Defendants' Motion to Dismiss—which she says was signed on April 10, 2024, docketed on April 15, 2024, and which is located at DE 17—was not considered in the Court's previous order [DE 23 at 1]. However, the Response signed on April 10 and docketed on April 15 is located at DE 19. DE 19 was considered and referenced multiple times in the Court's prior order [DE 21].

*and compare* DE 19 at 11 *with* DE 23 at 4 (arguing that the defendant judges lacked jurisdiction). Plaintiff provides no allegations of newly discovered evidence, mistake, neglect, or any sort of fraud or misconduct in the litigation of this federal case. Though there are many reasons that may justify reconsideration of an order, a motion to reconsider is not a license to reargue the merits. *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992).

More critically, however, there has been no intervening change in controlling law. The sound and longstanding doctrines of *Rooker-Feldmen* and Eleventh Amendment immunity remain good law. *See Torres v. Polis*, 2025 WL 622558, at *3 (D. Colo. 2025) (applying *Rooker-Feldman*); *see Holland v. Mundella*, 2025 WL 621882, at *2 (M.D. Fla. 2025) (applying Eleventh Amendment immunity jurisprudence). The bedrock legal principle of absolute judicial immunity has stood for centuries, and continues to do so today. *Dillon-Capps v. Ohana Growth Partners, LLC*, 2025 WL 50430, *4 (D. Md. 2025) (citing *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976)). The law behind the Court's September 13, 2024, order granting Defendants' motion to dismiss [DE 21] remains sound.

## CONCLUSION

For the foregoing reasons, Plaintiff Melvin's motion for reconsideration [DE 23] is DENIED IN FULL.

SO ORDERED, this ___ day of March 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE